IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HEYDE MORALES | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 05-1812 |
| THE WACKENHUT CORPORATION | : | |

**MEMORANDUM**

Ludwig, J.                                                                                         November 14, 2005

"Defendant, The Wackenhut Corporation's, Motion to Dismiss/Transfer Venue Pursuant to Fed. R. Civ. P. 12(b) and 28 U.S.C. § 1404(a)" is ruled on as follows.  The motion to dismiss is denied; the motion to transfer on *forum non conveniens* grounds is granted, 28 U.S.C. § 1404(a).[1]  This action will be transferred to the Middle District of Pennsylvania.

This is a personal injury action.  Jurisdiction is diversity.  28 U.S.C. § 1332.  According to the complaint, on December 5, 2003, plaintiff Heyde Morales, an employee of Ingram Micros, Inc., was struck on the head by a walkie-talkie negligently dropped by a security guard in the employ of defendant, The Wackenhut Corporation.  Complaint, ¶ 5.  Defendant moves for dismissal or for transfer to the Middle District of Pennsylvania.  Fed. R. Civ. P. 12(b)(3); 28 U.S.C. § 1404(a).

Lebanon County, Pennsylvania is part of the Middle District and is the county of plaintiff's residence and employment.  It is where the incident giving rise to this action occurred and where the fact witnesses are located - and, with one exception, plaintiff's treating physicians.

---

[1] Relevantly, the statute states, "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).

Defendants's main witnesses are also located there.  Defendant's motion, ¶¶ 2, 3, 6-7, 14-23.

*Forum non conveniens* analysis is a two-step process.  First, does an adequate alternative forum exist?  Lacey v. Cessna Aircraft Co., 932 F.2d 170, 180 (3d Cir. 1991).  This requirement is satisfied if defendant can be served in another jurisdiction.  Id.  Here, defendant can be served in the Middle District because the cause of action arose in Lebanon County.  28 U.S.C. § 1391(a)(2).  Second, where there is an alternative forum, transfer hinges on a balancing of private and public interest factors.  Lacey, 932 F.2d at 180.  Plaintiff's choice of forum should be given "considerable deference," Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 (1981), unless, as here, plaintiff is not a forum resident and the events giving rise to the action did not occur there.  Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co., 2005 U.S. Dist. LEXIS 4199 (E.D. Pa., Mar. 17, 2005); Tonnies v. Penn Estates Homeowners Assoc., 2003 U.S. Dist. LEXIS 23687 (E.D. Pa. Dec. 4, 2003).

As to other private factors - ease of access to sources of proof, availability of compulsory process, and other considerations conducive to an "easy, expeditious and inexpensive" trial, Lacey, 932 F.2d at 180 - all of these in this case come down on the side of transfer.  Public interest factors - such as the "local interest in having localized controversies decided at home," and the "unfairness of burdening citizens in an unrelated forum with jury duty," id. - do likewise.

Accordingly, a transfer will be ordered.

BY THE COURT:

*s/ Edmund V. Ludwig*  _____
Edmund V. Ludwig, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HEYDE MORALES | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 05-1812 |
| THE WACKENHUT CORPORATION | : | |

## **ORDER**

AND NOW, this 14th day of November, 2005, the Clerk of Court is directed to transfer this action to the United States District Court for the Middle District of Pennsylvania.

BY THE COURT:

 *s/ Edmund V. Ludwig*
Edmund V. Ludwig, J.